16 F.3d 418
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ray GWALTNEY, Defendant-Appellant.
 No. 93-2152.
 United States Court of Appeals, Tenth Circuit.
 Feb. 9, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, MCKAY and BALDOCK, Circuit Judges.[2]
 
 
 1
 Defendant Ray Gwaltney pleaded guilty to one count of possession with intent to distribute less than fifty kilograms of marijuana, 21 U.S.C. 841(b)(1)(D). The district court sentenced Defendant to ten months imprisonment to be followed by three years supervised release. Defendant appeals his sentence and seeks to withdraw his guilty plea. We have jurisdiction pursuant to 28 U.S.C. 1291, and we affirm.
 
 
 2
 Defense counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concerning Defendant's appeal of his sentence. As defense counsel points out, Defendant's sentence was within the appropriate guideline range; consequently, we have no jurisdiction to review the sentence. See United States v. Garcia, 919 F.2d 1478, 1482 (10th Cir.1990).
 
 
 3
 Defendant also claims that his guilty plea was involuntary because he decided to plead guilty based on trial counsel's alleged guarantee that he would not receive a sentence greater than six months imprisonment. Defendant failed to seek withdrawal of his guilty plea below; as a result, we review only for plain error. See United States v. Jefferson, 925 F.2d 1242, 1254 (10th Cir.), cert. denied, 112 S.Ct. 238 (1991).
 
 
 4
 The record in this case does not support Defendant's specious allegation that his plea was involuntary. The record reflects that the district court meticulously complied with the requirements of Fed.R.Crim.P. 11 in assuring that Defendant's plea was voluntary and knowing. The transcript of Defendant's sentencing hearing together with the Memorandum of Understanding Regarding Guilty Plea also demonstrate that Defendant understood that he was not guaranteed a particular sentence upon pleading guilty, and that the district court had the authority to impose the maximum penalty of up to five years imprisonment. There is absolutely no evidence to support Defendant's allegations regarding guarantees or promises allegedly made by his trial counsel, and, in any event, Defendant's subsequent dissatisfaction with his sentence is an insufficient reason to withdraw a plea. See United States v. Gordon, 4 F.3d 1567, 1573 (10th Cir.1993). Having determined that the district court committed no "obvious and substantial error," see Jefferson, 925 F.2d at 1254, in accepting Defendant's guilty plea, we AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ---
 
 
 [2]
 Both parties have waived oral argument in this case