**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jesus Arturo GARCIA, Defendant–Appellant.**

No. 89–2193.

United States Court of Appeals, Tenth Circuit.

Submitted on the Briefs.

Decided Nov. 30, 1990.

James B. Foy, Silver City, N.M., for defendant-appellant.

William L. Lutz, U.S. Atty., and Rhonda P. Backinoff, Asst. U.S. Atty., Albuquerque, N.M., for plaintiff-appellee.

Before LOGAN and EBEL, Circuit Judges, and BROWN, District Judge.*

LOGAN, Circuit Judge.

Defendant Jesus Arturo Garcia was indicted on three counts of transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(B). He pleaded guilty to count I of the indictment, and counts II and III were dismissed on motion of the government. Under United States Sentencing Guidelines § 2L1.1(a), the base offense level for defendant's crime was nine. After receiving a two point reduction for accepting responsibility, defendant had a net offense level of seven. Under the Guidelines, since he had a criminal history category of I, the appropriate sentencing range was from one to seven months.[1]

At the sentencing hearing, defendant asked to be sentenced to time served, the three months he had been incarcerated awaiting trial. Noting that defendant had a thirteen year old felony conviction not reflected in the criminal history category, that he was transporting three illegal aliens at the time of his arrest, and that he had obtained birth documents under an alias, the district court rejected his request and sentenced him to seven months imprisonment.

Defendant now appeals, arguing that the district court improperly sentenced him to the top of the guideline range. Although defendant concedes that he was placed in the proper offense and criminal history categories, and that his sentence falls within the appropriate guideline range, defendant challenges two of the district court's reasons for imposing a seven month sentence. He argues that in passing sentence the district court improperly considered his prior criminal conviction and his transportation of three illegal aliens at the time of his arrest.

In response, the government argues that defendant's appeal is moot because he already has served his entire seven month sentence.[2] Alternatively, the government argues that we lack jurisdiction to consider defendant's appeal under 18 U.S.C. § 3742(a). Because we conclude that defendant's challenges to his sentence are not reviewable under § 3742(a), we do not reach the mootness claim.

■ A defendant's right to appeal a sentence imposed by a federal court is governed by 18 U.S.C. § 3742(a). Under that section, a sentence within the Guidelines may not be appealed unless imposed in violation of law, or as a result of an incorrect application of the Guidelines. 18 U.S.C. § 3742(a)(1)–(2);[3] *United States v. Havens*, 910 F.2d 703, 706–07 (10th Cir. 1990); *United States v. Richardson*, 901 F.2d 867, 870 (10th Cir.1990); *United States v. Davis*, 900 F.2d 1524, 1530 (10th Cir.1990).

Interpreting § 3742(a), we have previously concluded that it does not allow appeals " 'because of a claim that a particular sentence is draconian.' " *Richardson*, 901 F.2d at 870 (quoting *United States v. Guerrero*, 894 F.2d 261, 267 (7th Cir.1990)). We similarly have held that it does not

---

* The Honorable Wesley E. Brown, Senior United States District Judge for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has agreed unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. After defendant filed his docketing statement, the government filed a motion to dismiss arguing both lack of jurisdiction and that the appeal was moot. After considering the motion, and defendant's response thereto, we granted the parties additional time to address both jurisdiction and whether there were any collateral consequences that might result from the sentence already served that would justify an appeal. Defendant's brief, however, does not set forth any collateral consequences.

3. 18 U.S.C. § 3742(a) provides that a defendant may appeal a sentence only if it:

"(1) was imposed in violation of law;
(2) was imposed as a result of an incorrect application of the sentencing guidelines; or
(3) is greater than the sentence specified in the applicable guideline range ...; or
(4) was imposed for an offense for which there is no sentencing guideline...."

18 U.S.C. § 3742(a). Only subsections (1) and (2) apply to sentences falling within the Guidelines.

allow appeals challenging a district court's alleged abuse of discretion in refusing to make a downward departure from the Guidelines. *Havens,* 910 F.2d at 706–07; *United States v. Lowden,* 905 F.2d 1448, 1449 (10th Cir.1990); *Richardson,* 901 F.2d at 870; *Davis,* 900 F.2d at 1528, 1529–30. Defendant, however, makes neither of these arguments; rather, he contends that the district court relied on improper factors in sentencing him to the top of the concededly appropriate sentencing range. Thus, we must decide whether § 3742(a) permits a defendant to challenge the reasons underlying a district court's decision to impose sentence at a particular point within the Guidelines.

At least three circuits have considered whether a defendant may appeal a district court's decision to impose sentence at a particular point within the Guidelines. *See United States v. Reed,* 914 F.2d 1288 (9th Cir.1990); *United States v. Braslawsky,* 913 F.2d 466 (7th Cir.1990); *United States v. Dugan,* 912 F.2d 942 (8th Cir.1990). With little analysis, each of these courts has concluded broadly that such sentences may not be reviewed. *See Reed,* 914 F.2d at 1290 (appellate courts lack jurisdiction to review sentences within Guidelines); *Braslawsky,* 913 F.2d at 467 (same); *Dugan,* 912 F.2d at 944 (sentence within Guidelines is not reviewable on appeal). Although we conclude that the instant defendant has failed to state a cognizable basis for appealing his sentence under § 3742(a), we believe the jurisdictional issue requires a more precise analysis.

■ A federal court always has jurisdiction to determine whether it has jurisdiction. *See Sierra Club v. Yeutter,* 911 F.2d 1405, 1421 (10th Cir.1990); 13A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3536 (2d ed. 1984). When a defendant alleges that a sentence within the Guidelines was imposed in violation of law or as a result of an incorrect application of the Guidelines, he has invoked, prima facie, our authority to review the appeal. But we must look beyond his invocation of the magic words to consider whether the complaint he

makes is indeed reviewable under 18 U.S.C. § 3742(a)(1)–(2).

■ The Second Circuit recently interpreted § 3742(a)(2) in *United States v. Colon,* 884 F.2d 1550 (2nd Cir.), *cert. denied,* ── U.S. ──, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989). Holding that a defendant could not appeal a district court's refusal to depart downward from the applicable sentencing range, the *Colon* court recognized that § 3742(a)(2)'s "incorrect application" language conceivably could be read to permit appeals based on a claim that a sentence concededly within the Guidelines was too high or too low. Rejecting this interpretation, the *Colon* court concluded that § 3742(a)(2) was "intended to authorize appeals from sentences purportedly within the Guidelines only for claims that a sentence was incorrectly calculated or was based on clearly erroneous factual findings concerning offender/offense levels, characteristics or adjustments." *Colon,* 884 F.2d at 1554. We are in substantial agreement. There is a very thin line between sentences appealable as incorrect applications of the Guidelines and those appealable as in violation of law. Clearly erroneous factual findings implicate constitutional due process concerns. Reasons for the sentence that are facially illegal—such as race, gender, or considerations contravening clearly established public policy—may be incorrect applications of the sentencing guidelines, *see* U.S.S.G. § 5H1.10, but also are appealable as in violation of law. *See, e.g., Colon,* 884 F.2d at 1553 (sentence within Guidelines that is in excess of statutory maximum, based on constitutionally impermissible considerations, or the result of a demonstrable error of law is appealable under § 3742(a)(1)).

Sometimes the task of determining jurisdiction is little different from deciding the merits of the appeal. So it is here. Defendant first argues that the district court "misused the criminal history category" and violated Guidelines § 4A1.2(e) by considering a thirteen year old criminal conviction. Section 4A1.2(e), however, only addresses what prior convictions may be counted for purposes of computing a defen-

dant's criminal history category. Defendant admits that his criminal history category was properly calculated; thus any consideration of the prior conviction by the sentencing judge had to be only in determining where within the appropriate guideline range defendant should be sentenced.

Defendant's other argument is that the district court should not have considered his transportation of three illegal aliens at the time of his arrest. Pointing to the application notes to Guidelines § 2L1.1, defendant asserts that a sentencing court may only consider such a factor if an offense involves the smuggling of a "large number" of illegal aliens. Once again, this is a misinterpretation of the Guidelines. The application notes to § 2L1.1 provide that a court should consider an *upward departure* if a defendant transports a large number of illegal aliens. *See* U.S.G. § 2L1.1, comment (n. 8). There was no upward departure here. The court only considered this factor in determining where within the Guidelines to impose sentence. Accordingly, the district court did not misapply the Guidelines, and defendant may not appeal his sentence under § 3742(a)(2).

█ The Guidelines themselves, and the legislative history of § 3742 and related statutes, support our conclusion that § 3742(a)(1) and (2) provide very narrow exceptions to the general rule that sentences falling within the Guidelines are not appealable. Review of the reasons underlying a district court's decision to impose sentence at a particular point within a proper guideline range other than for facial illegality, improper calculations, or clearly erroneous fact findings seems contrary to the very concept of a guideline system. As the Second Circuit has noted: "Sentences within the Guidelines may be deemed to be reasonable and within the exclusive discretion of the sentencing court solely because of the Commission's blessing of the permissible range." *Colon,* 884 F.2d at 1555. The introduction to the Guidelines stresses

an intent "to permit courts the greatest possible range for exercising discretion," and "to minimize the likelihood of unnecessary litigation." U.S.S.G. ch. 1 Pt. A 4(h). Under U.S.S.G. § 1B1.4, a district court may consider, "without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law. *See* 18 U.S.C. § 3661." [4] The commentary to U.S.S.G. § 1B1.4 adds that "[a] court is not precluded from considering information that the guidelines do not take into account." In referencing its own policy statements the Guidelines state that various factors such as age, education and vocational skills, mental and emotional condition, physical condition, previous employment record, family responsibilities and community ties are "not ordinarily relevant in determining whether a sentence should be *outside* the guidelines." *Id.* § 5H1.1 to § 5H1.6 (emphasis added). These sections also each state that the particular factor is not ordinarily relevant to sentences *within* the Guidelines; but they then enumerate exceptions the sentencing court may apply which are virtually impossible for an appellate court to second-guess.

The Committee Report on § 3742 states that Congress intended to establish "a *limited practice* of appellate review of sentences in the Federal criminal justice system." S.Rep. No. 225, 98th Cong., 2d Sess. 149, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3332 (emphasis added). Explaining when such review is proper, the Report noted that "[a]ppellate review of sentences is essential to assure that the guidelines are applied properly and to provide case law development of the appropriate reasons for sentencing *outside* the guidelines." *Id.* at 3334 (emphasis added). The Report repeatedly states that sentences within the Guidelines are appealable only on grounds of illegality or incorrect application. *Id.* at 3203, 3333.

In discussing 18 U.S.C. § 3553(c)'s requirement that a court imposing certain

---

**4.** 18 U.S.C. § 3661 provides:
"No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an of-

fense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

sentences within the Guidelines must state the reasons for the particular sentence imposed—to inform the public and the defendant why the particular sentence was imposed, and to help prison officials and probation officers meet the defendant's needs—that same committee report stated: "The Committee does not intend that the statement of reasons for a sentence within the guidelines become a legal battleground for challenging the propriety of a particular sentence...." *Id.* at 3262–63.

■ Section 3553(c) explicitly contemplates that the district court need not state its reasons for imposing sentence at a particular point unless the applicable range exceeds twenty-four months.[5] Thus, in the instant case, the district court was not required to explain why it sentenced defendant to the top of the one to seven month sentencing range.

■ We are unwilling to scrutinize sentencing justifications offered by a district court when the sentence is within an admittedly appropriate range unless those justifications implicate 18 U.S.C. § 3742(a)(1) or (2). Particularly with regard to sentences that are within the appropriate guideline range and that do not exceed twenty-four months, to do so would tend to make courts reluctant to say more than the law requires. It seems clear that the Guidelines were intended to give some sentencing discretion to the district courts while encouraging those courts to communicate their reasons for the sentence to the defendants, the public, and those who have to deal with the defendants. Allowing appellate review in the circumstances before us would frustrate both purposes, and would be contrary to our reading of § 3742(a).

We therefore conclude that defendant's appeal must be DISMISSED.

---

**5.** 18 U.S.C. § 3553(c) provides in pertinent part: "The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence—

(1) is [within the applicable sentencing range] and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range; or

(2) is not [within the applicable sentencing range], the specific reason for the imposition of a sentence different from that described."