951 F.2d 1261
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Angel HERNANDEZ-CLAVELLINA, Defendant-Appellant.
 No. 91-2116.
 United States Court of Appeals, Tenth Circuit.
 Dec. 11, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 The appellant pleaded guilty to transporting illegal aliens from Honduras into the United States and aiding and abetting. He was released after he agreed to cooperate fully with the United State. He failed to report to a presentence interview, however, and was later arrested. Accordingly, he received a two point sentence enhancement for obstruction of justice. The applicable guideline range was four to ten months, and the district court sentenced him to ten months of imprisonment to be followed by three years of supervised release.
 The appellant contends that the district court relied upon improper factors in sentencing him to the top of the guideline range. Specifically, the appellant argues that the court engaged in double counting when it enhanced his base offense level by two points for obstruction of justice and also considered his failure to appear when selecting a sentence within the guideline range.
 
 
 1
 In United States v. Garcia, 919 F.2d 1478 (10th Cir.1990), this court held that a district court's decision to impose a sentence at a particular point within the proper guideline range is not reviewable on appeal, except for three "very narrow" exceptions: facial illegality, improper calculations, or clearly erroneous fact findings. Id. at 1481. None of these exceptions are implicated in this case. Furthermore, "[t]he Committee [did] not intend that the statement of reasons for a sentence within the guidelines become a legal battleground for challenging the propriety of a particular sentence." Id. at 1482 (quoting S.Rep. No. 225, 98th Cong., 2d Sess. 149, reprinted in 1984 U.S.C.C.A.N. 3182, 3262-63).
 
 
 2
 The facts of Garcia resemble those in the case at hand. The defendant pleaded guilty to transporting illegal aliens and challenged the district court's reasons for imposing a sentence at the top of the guideline range. We stated,
 
 
 3
 We are unwilling to scrutinize sentencing justifications offered by a district court when the sentence is within an admittedly appropriate range unless those justifications implicate 18 U.S.C. § 3742(a)(1) or (2). Particularly with regard to sentences that are within the appropriate guideline range and that do not exceed twenty-four months, to do so would tend to make courts reluctant to say more than the law requires. It seems clear that the Guidelines were intended to give some sentencing discretion to the district courts while encouraging those courts to communicate their reasons for the sentence to the defendants, the public, and those who have to deal with the defendants. Allowing appellate review in the circumstances before us would frustrate both purposes, and would be contrary to our reading of § 3742(a).
 
 
 4
 Id.
 
 
 5
 For the foregoing reasons, we lack jurisdiction to review the district courts reasons for sentencing the appellant to the top of the appropriate guideline range. Accordingly, we DISMISS the appellant's appeal. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3