996 F.2d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis Ray WOODWARD, Defendant-Appellant.
 No. 93-3024.
 United States Court of Appeals, Tenth Circuit.
 June 14, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 BRORBY, District Judge.
 
 
 3
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 4
 Mr. Woodward entered a plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The sentencing computations yielded a Guideline range of twenty-one to twenty-seven months. The court sentenced Mr. Woodward to the highest possible sentence--twenty-seven months. Mr. Woodward appeals asserting the sentencing court abused its discretion in sentencing at the high end of the Guideline range. We affirm.
 
 
 5
 Mr. Woodward does not challenge the facts set forth in the presentence report nor the calculated Guideline range. The sentencing court stated its reasons for selecting the high end of the permissible range as being Mr. Woodward's "criminal history, possession of a firearm and likelihood of involvement ... in future crimes," and further stated that twenty-seven months "reflect[ed] the seriousness of the offense and ... the objectives of punishment, deterrence and incapacitation." Mr. Woodward challenges these stated reasons.
 
 
 6
 Under United States v. Garcia, 919 F.2d 1478, 1481 (10th Cir.1990), this court does not review sentencing justifications offered by a district court when the sentence is within an admittedly correct Guideline range "other than for facial illegality, improper calculations, or clearly erroneous fact findings." Mr. Woodward does not claim a facial illegality, nor does he claim an improper calculation was made under the Guidelines. Instead, Mr. Woodward claims that since the Sentencing Guidelines take into account the factors relied upon by the sentencing court, "the court's reliance on these factors constitute[s] clearly erroneous factual findings."
 
 
 7
 Mr. Woodward's allegation is without merit. Mr. Woodward does not challenge the accuracy of the facts relied upon by the sentencing court and thus, in actuality, does not allege the factual findings to be clearly erroneous. At best, Mr. Woodward's claim could be construed as alleging improper application of the Guidelines, but that too would be without merit. Section 1B1.4 of the Guidelines states: "In determining the sentence to impose within the guideline range ... the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. § 1B1.4 (emphasis added).
 
 
 8
 The Judgment and Sentence of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3