5 F.3d 548
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lindsay Martin SHEAFE, Defendant-Appellant.
 No. 93-2086.
 United States Court of Appeals, Tenth Circuit.
 Sept. 1, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Defendant was convicted of various firearm offenses, 18 U.S.C. 922(a)(6), (g)(1), and sentenced under the guidelines to 108 months imprisonment. Defendant seeks review of his sentence under 18 U.S.C. 3742(a) and 3553(a), (b), and (c). Defendant's counsel filed an Anders brief. See Anders v. California, 386 U.S. 738 (1978).
 
 
 2
 Between February 21, 1992 and August 6, 1992, Defendant illegally purchased thirteen firearms. In each instance, Defendant denied being a convicted felon on ATF Form 4473. Defendant was indicted on two counts of felon in possession of a firearm, 18 U.S.C. 922(g)(1), 924(a)(2), and two counts of false statement in acquisition of a firearm, 18 U.S.C. 922(a)(6), 924(a)(1)(B). On October 31, 1992, Defendant attempted to escape from jail while awaiting trial. On December 14, 1992, Defendant pleaded guilty to all four counts.
 
 
 3
 The base offense level for the crimes charged in the indictment was 24. U.S.S.G. 2K2.1(a)(2). This level was increased by four for the possession of thirteen to twenty-four guns, U.S.S.G. 2K2.1(b)(1)(D), and by two for obstruction of justice for the attempted escape from custody before trial, U.S.S.G. 3C1.1, but reduced by three for acceptance of responsibility, U.S.S.G. 3E1.1, giving Defendant a base offense level of 27. With a criminal history category of IV for his prior felony convictions, Defendant's guideline sentencing range was 100-125. Because the statutorily authorized maximum sentence was 120 months, 120 months became the maximum guideline sentence. U.S.S.G. 5G1.1(a). The district court sentenced Defendant to 108 months incarceraton.
 
 
 4
 After reviewing the record, we find that the district court properly applied the sentencing guidelines, sentenced Defendant in accordance with 18 U.S.C. 3553, and did not impose the sentence in violation of the law. Although Defendant appeals because he "had been advised ..., that he had a right to appeal his sentence, [and] he wished to take advantage of all appeal rights," Defendant has failed to assert that his sentence is facially illegal, improperly calculated, or factually erroneous. See 18 U.S.C. 3742(a). Therefore, we have no jurisdiction to consider this appeal. U.S. v. Garcia, 919 F.2d 1478, 1481 (10th Cir.1990).
 
 
 5
 DISMISSED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3