**UNITED STATES COURT OF APPEALS**
**Filed 8/22/96**
**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILLIAM GEORGE MOYA,

    Defendant - Appellant.

No. 95-2148
(D. Ct. No. CR 94-592-02 JC)
(D. N. Mex.)

---

**ORDER AND JUDGMENT**[*]

---

Before TACHA, REAVLEY[**], and LUCERO, Circuit Judges.

---

William George Moya pled guilty to aiding and abetting larceny on federal land. After determining that the sentencing guidelines range was zero to six months, the district judge sentenced Moya to six months imprisonment and one year of supervised release. Moya appeals, arguing that the district judge erred by allegedly considering his gender in imposing his sentence at the top of the guideline range. We hold that we lack jurisdiction to decide the appeal.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable Thomas M. Reavley, United States Court of Appeals for the Fifth Circuit, sitting by designation.

Following a number of car burglaries in Santa Cruz, New Mexico, federal law enforcement officers increased their patrols and conducted undercover surveillance in the area. As part of their surveillance, officers rented a Ford Taurus, placed government and personal property inside it, and left the car in a parking lot. Soon after the officers left the Ford, a Chevrolet Monte Carlo arrived and parked in the lot. The vehicle contained Moya, his wife, his two sons, his son-in-law, the girlfriend of one of his sons, and his two grandsons. Federal agents observed Moya's sons and son-in-law look inside the windows and pull on the door handles of the Ford to determine if the doors were locked. Moya soon joined them, pulling on the door handles and peering into the car. One of Moya's sons eventually used a rock to break one of the windows, and then took the items from the Ford and put them into the Chevrolet.

Moya testified that he was sitting in the middle of the front seat when one of his sons threw some bags into the car and onto his lap. Moya also stated that he knew the bags did not belong to him. By this time, all of the passengers were back in the Chevrolet, and one of Moya's sons drove the car away. A federal officer chased the Chevrolet and finally, after being assaulted by Moya's wife, his sons, and his son's girlfriend, arrested all six adult passengers. The presentence report states that all six suspects resisted arrest and threatened and impeded the officers on the scene.

Moya, along with the other adult passengers in the car, was charged with aiding and abetting auto burglary on federal land, aiding and abetting larceny on federal land, and aiding and abetting assault on a federal officer. Moya pled guilty to aiding and abetting larceny in exchange for the dismissal of the other two counts. At sentencing, the court found that Moya had an offense level of 3 and a criminal history category of II, establishing a sentencing guidelines range of zero to six months. The court took judicial notice that Moya conspired with his family to commit larceny, and stated, "As the primary adult and father of three of the co-defendants, Mr. Moya set an extremely poor example for them and young children at the time of the instant offense." The court then sentenced Moya to six months imprisonment, a sentence at the top of the guidelines range.

On appeal, Moya argues that the district court sentenced him at the top of the guidelines range on the basis of his status as a father, and thus that the court improperly considered his sex when sentencing him. Federal courts lack jurisdiction to review sentences within the appropriate guidelines range unless the sentence was imposed in violation of law or was imposed as a result of an incorrect application of the sentencing guidelines. United States v. Garcia, 919 F.2d 1478, 1480-81 (10th Cir. 1990); 18 U.S.C. § 3742(a). Although a sentence based on the defendant's sex is reviewable as imposed in violation of law, Garcia, 919 F.2d at 1480, the district court did not sentence Moya on the basis of his sex.

When the court referred to the fact the Moya is a father and "the primary adult," the court was not pointing to his gender, but rather to the poor example he set as a parent and the role he played in the offense. There is nothing in the court's statement indicating that it sentenced Moya at the top of the guidelines range because of his sex. Thus, because Moya's sentence was not imposed in violation of law, we have no jurisdiction in this case, and this appeal is DISMISSED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge