# UNITED STATES COURT OF APPEALS

**Filed 9/26/96** TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

CHARLES L. GUNBY,

      Defendant-Appellant.

Case No. 95-3243

(D.C. 95-CR-40018)
(District of Kansas)

---

## ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

Defendant Charles L. Gunby appeals the sentence imposed after he pleaded guilty to a four count indictment on a series of cocaine distribution charges. Mr. Gunby's counsel, Mr. John J. Ambrosio secured an extension, based on excusable neglect, of his right to appeal. The government does not object to the extension. Mr. Gunby's raises two issues on appeal: (1) whether his criminal history was appropriately reflected in the presentence investigation report and (2) whether he was entitled to a downward departure

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

under 18 U.S.C. § 3553(f). We grant Mr. Ambrosio's request to withdraw, as he has filed a brief in compliance with our rules. See 10th Cir. R. 46.4.2; Anders v. California, 386 U.S. 738 (1967). Furthermore, for the reasons set forth below, we conclude that we lack jurisdiction to review Mr. Gunby's sentence and dismiss the appeal.

Mr. Gunby first suggests that certain charges in his presentence investigative report over-state his culpability. A review of the report reveals that the charges discussed in the report all resulted in sentences of at least probation, and therefore we can see no improprieties in the consideration of these offenses. Mr. Gunby was properly found to have four criminal history points, two based on the prior offenses, see U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2), and two based on the fact that he was on probation at the time of the instant offenses, see U.S.S.G. §§ 4A1.1(d). The presentence report assigned Mr. Gunby a total offense level of twenty-nine. Given Mr. Gunby's crimes and his acceptance of responsibility therefor, this offense level is appropriate. See U.S.S.G. §§ 2D1.1(c)(4), 3D1.2(d).

Moreover, Mr. Gunby's sentence falls within the guidelines' range. Mr. Gunby's criminal history points and total offense level allow for a sentencing range of 108 to 135 months. The district court sentenced Mr. Gunby to terms of imprisonment of 48 months each on two counts and 120 months each on two counts with the terms to be served concurrently. Because Mr. Gunby was sentenced within the guidelines range and because his sentence was not imposed in violation of the law or as a result of an incorrect

application of the guidelines, <u>see</u> 18 U.S.C. § 3742(a), it is not subject to appellate review, <u>see</u> <u>United States v. Hollis</u>, 971 F.2d 1441, 1461 (10th Cir. 1992), <u>cert. denied,</u> 507 U.S. 985 (1993); <u>United States v. Garcia</u>, 919 F.2d 1478, 1482 (10th Cir. 1990).

Mr. Gunby also argues that he should have received a downward departure below the statutory minimum sentence based on 18 U.S.C. § 3553(f). However, Mr. Gunby does not qualify under this statute because he has a criminal history rating of four, and this statute only applies to a ratings of one or less. <u>See</u> 18 U.S.C. § 3553(f) (in drug offenses "the court shall impose a sentence pursuant to [the sentencing] guidelines . . . without regard to any statutory minimum sentence, if the court finds . . . that . . . the defendant does not have more that 1 criminal history point, as determined under the sentencing guidelines" and satisfies other criteria).

Because we can find no substance Mr. Gunby's arguments, we grant the Mr. Ambrosio's motion for withdrawal. <u>See</u> 10th Cir. R. 46.4.2; <u>Anders v. California</u>, 386 U.S. 738 (1967). Mr. Gunby's sentence was properly imposed pursuant to the sentencing guidelines and is not subject to appellate review. Mr. Gunby's appeal is dismissed. The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge

3