UNITED STATES COURT OF APPEALS
**Filed 11/26/96**
TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ERYCK C. ASTON,

Defendant-Appellant.

No. 96-4003
(Dist. of Utah)
(D.C. No. 94-CR-17)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **LOGAN,** and **MURPHY**, Circuit Judges.


After examining the briefs and the appellate record, this three-judge panel has unanimously determined that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The parties' requests to submit the case on the briefs are granted, and the case is ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Eryck C. Aston appeals the sentence entered against him on July 20, 1995, in the United States District Court for the District of Utah, following his guilty plea to possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5861(d). This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and affirms.

On February 9, 1994, appellant was charged in a sixteen count indictment with various forgery and weapons offenses. On May 10, 1995, appellant pleaded guilty to Count 10 of the indictment, possession of an unregistered Ithica 12 gauge sawed-off pump shotgun, and the United States dismissed all remaining charges. The court ordered a presentence report; appellant objected to the report based on the grounds that it was hearsay[1] and that it contained references to prior offenses which were not relevant to the instant charge.

Given appellant's offense level and criminal history category, the sentencing guidelines provided for a range of 37 to 46 months of incarceration. On July 20, 1995, appellant was sentenced to incarceration for 46 months, supervised release for 36 months following the incarceration, and fined $2,000. Appellant claimed that his appointed counsel had failed to appeal his sentence and

---

[1]Appellant claims that the presentence report contained hearsay because it consisted of an individual's statements to probation officers about appellant's prior bad acts and about conversations and letters of which the individual had learned second-hand.

requested leave to appeal.  In response, the court appointed new counsel and granted the appellant leave to appeal pursuant to 18 U.S.C. § 2255.

Appellant bases the appeal of his sentence on three grounds.  First, appellant claims the trial court used unreliable hearsay contained in the presentence report when sentencing appellant.  Second, appellant claims the district court did not comply with Fed. R. Crim. P. 32(c)(1) insofar as the district court did not specify the justification for appellant's sentence.  Third, appellant argues his counsel was ineffective because he failed to object to the alleged hearsay in the presentence report.  Appellant requests this court to remand his case to the trial court for resentencing with an instruction that the trial court specifically indicate the basis for appellant's sentence.

With respect to appellant's first claim that the district court erroneously relied on hearsay from the presentence report, we find this court lacks jurisdiction.  Under 18 U.S.C. § 3742(a), a defendant may appeal a sentence if it was: 1) "imposed in violation of law"; 2) "imposed as a result of an incorrect application of the sentencing guidelines"; 3) "greater than the sentence specified in the applicable guideline range"; or 4) "imposed for an offense for which there is no sentencing guideline and is plainly unreasonable."  This court has held: "We are unwilling to scrutinize sentencing justifications offered by a district court when the sentence is within an admittedly appropriate range unless those

justifications implicate 18 U.S.C. § 3742(a) (1) or (2)." *United States v. Garcia,* 919 F.2d 1478, 1482 (10th Cir. 1990).

Appellant's claims do not fit within any of the grounds for appeal provided under 18 U.S.C. § 3742(a). Rather, appellant claims that the district court inappropriately relied on hearsay in giving him the maximum sentence allowed under the guideline range. Although appellant claims that his sentence was "prohibited by law" because the district court relied on hearsay contained in the presentence report, appellant shows no basis for this argument. Instead, appellant argues that the district court must have been persuaded by the hearsay simply because the court imposed the maximum sentence within the guideline range.

In reviewing the record, we find no indication that the district court relied upon the objected to portions of the presentence report in making sentencing determinations. To the contrary, the district court listened to appellant's objections to the presentence report, and addressed each objection specifically. In response, the district court stated that it would not use the information to which appellant objected to determine the sentence, but would only consider it as "helpful background information."

This circuit has held that with rare exception, a sentence imposed within the guideline range is not reviewable. *Garcia*, 919 F.2d at 1481. We thus hold

that because appellant is unable to show a valid ground for appeal under 18 U.S.C. § 3742(a), this court lacks jurisdiction to hear this issue on appeal.

Appellant's second argument is that because the district court did not specify upon which issues it relied in sentencing appellant, this court must remand and instruct the district court to comply with Rule 32.

Rule 32(c)(1) states:

> At the sentencing hearing, the court must afford counsel for the defendant and for the Government an opportunity to comment on the probation officer's determinations and on other matters relating to the appropriate sentence, and must rule on any unresolved objections to the presentence report. The court may, in its discretion, permit the parties to introduce testimony or other evidence on the objections. For each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing. A written record of these findings and determinations must be appended to any copy of the presentence report made available to the Bureau of Prisons.

As noted above, the district court did provide the appellant an opportunity to object to the presentence report and made its determinations clear. No findings as to the presentence report were necessary because the court did not take controverted matters into account in determining sentencing, and because the controverted matters were used only as helpful background information. Because the record reflects the court's determinations as to the controverted matters, we find the district court complied with Rule 32.

Although 18 U.S.C. § 3553(c) similarly requires the district court to state reasons for the particular sentence imposed, it "explicitly contemplates that the district court need not state its reasons for imposing sentence at a particular point unless the applicable range exceeds twenty-four months." *Garcia* at 1482; *see also United States v. Rosa*, 11 F.3d 315, 344-45 (2d Cir. 1993) (finding that court must state reasons only when guideline range spans more than twenty-four months). Thus, because appellant's guideline provided for a range of only nine months, the district court was not required to explain why appellant's sentence was at the maximum of that range.

Third, appellant claims that he received ineffective assistance of counsel during sentencing. Inasmuch as appellant has brought a direct criminal appeal pursuant to 28 U.S.C. § 1291, we cannot hear this claim for the first time on appeal. This court has held: "Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995). In order to receive adequate review, an ineffective assistance of counsel claim requires a record which has been fully developed by the district court which is familiar with both the case and counsel. *Id.* Moreover, counsel should be given an opportunity

below to respond to an ineffective assistance claim. *Id.* The reasoning behind this general rule is sound, and we adhere to it today.

For the reasons set forth above, we **AFFIRM** the sentence imposed by the United States District Court for the District of Utah.

ENTERED FOR THE COURT,


Michael R. Murphy
Circuit Judge