**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 20 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LLOYD ROGERS,

Defendant-Appellant.

No. 97-2124
(D.C. No. CR 96-509)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-appellant Lloyd Rogers, along with codefendant Denton Thomason, entered a plea of guilty to the charge of bank robbery in violation of 18 U.S.C. § 2113. Defendant's presentence report recommended a total offense level of twenty-one and a criminal history category of I, resulting in a sentencing guideline range of thirty-seven to forty-six months' imprisonment. The court sentenced defendant to the high end of the range, forty-six months. Codefendant Thomason's presentence report also recommended a total offense level of twenty-one, but with a criminal history category of III, establishing a guideline range of forty-six to fifty-seven months' imprisonment. The court sentenced Thomason to the low end of the range, forty-six months.

Defendant appeals, asserting that the court abused its discretion by sentencing the two defendants to the same term of imprisonment despite the difference in their relative criminal history categories. For the following reasons, we determine that we are without jurisdiction to entertain this appeal.

Pursuant to 18 U.S.C. § 3742(a), a sentence imposed within the guidelines may not be appealed unless it "(1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; . . . (3) is greater than the sentence specified in the applicable guideline range . . .; or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable." In United States v. Garcia, 919 F.2d 1478, 1481 (10th Cir.

1990), this court interpreted § 3742(a) as prohibiting review of sentencing decisions which are within an admittedly correct guideline range unless challenged as facially illegal, improperly calculated, or based on clearly erroneous findings of fact.

Here, defendant does not claim any facial illegality, does not challenge the court's calculation of his guideline range, and does not challenge the accuracy of the facts relied on by the sentencing court. Instead, defendant's only argument is that, in light of the disparity in the defendants' criminal history categories, the district court's decision to sentence the two defendants to the same term of imprisonment was an abuse of discretion.

In Garcia, we opined that "'[s]entences within the Guidelines may be deemed to be reasonable and within the exclusive discretion of the sentencing court solely because of the Commission's blessing of the permissible range.'" 919 F.2d at 1481 (quoting United States v. Colon, 884 F.2d 1550, 1555 (2d Cir. 1989)); see also United States v. Morales, 108 F.3d 1213, 1225 (10th Cir. 1997) (holding that district courts have broad discretion in imposing a sentence within the range prescribed by Congress).

Accordingly, because we discern nothing illegal, improper, or erroneous in the district court's sentencing decision, we are without the power to disturb it, and defendant's appeal is DISMISSED.

Entered for the Court

Stephen H. Anderson
Circuit Judge