**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 22 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

    v.

ROBERT ARCE RAMIREZ,
also known as CALIMAN
HERNANDEZ, also known as
ROBERTO MENDEZ-GOMEZ
      Defendant - Appellant.

No. 97-4132

(District of Utah)

(D.C. No. 96-CR-277-01)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

---

Roberto Arce Ramirez pleaded guilty to distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court sentenced him to 151 months' imprisonment, and he now appeals, arguing that his sentence is too lengthy. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not assist the determination of

---

[*]   This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  We exercise jurisdiction under 28 U.S.C. § 1291 and order the case submitted without oral argument.

The indictment to which Mr. Ramirez pleaded guilty charged him with distributing more than 100 grams of a mixture or substance containing detectable amounts of methamphetamine.  The presentence investigation determined that Mr. Ramirez had distributed at least 2.28 kilograms of methamphetamine.  After assessing  a two-level increase in the offense level for possession of a firearm and a three-level reduction for acceptance of responsibility, the district court arrived at an offense level of thirty-one.  The court reduced Mr. Ramirez's criminal history category from V to IV after Mr. Ramirez's attorney successfully argued that one of his prior convictions had been double-counted.  The resulting range of sentences under the United States Sentencing Guidelines was 151 to 188 months.

In this appeal, Mr. Ramirez's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).  She has also filed a motion to withdraw.  According to his attorney, Mr. Ramirez contends that a term of 151 months' imprisonment is too long for the kind of offense that he has committed.  However, his attorney states that there are no meritorious legal grounds for this argument.

We agree with Mr. Ramirez's attorney. Mr. Ramirez was sentenced at the low end of the Guideline range, and there is no indication that the district court erred in applying the Guidelines. A defendant may not appeal a sentence solely on the grounds that it is too harsh. See United States v. Garcia, 919 F.2d 1478, 1482 (10th Cir. 1990) (dismissing appeal of sentence within proper guideline range for lack of jurisdiction). We therefore grant Mr. Ramirez's attorney's motion to withdraw and dismiss this appeal for lack of jurisdiction.

The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge

3