**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**DEC 18 2003**

**PATRICK FISHER**
**Clerk**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 02-3402 |
| v. | (D.C. No. 02-CR-40052-SAC) |
| JUSTIN DUANE LYLE, | (Kansas) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Justin Duane Lyle pleaded guilty to brandishing a firearm and doing so in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) and (2). *See also* U.S. Sentencing Guidelines Manual § 2K2.4(a)(2). As part of a plea agreement, the government did not move for sentencing above the eighty-four-month mandatory minimum. The district court sentenced Mr. Lyle to eighty-

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

seven months, followed by three years supervised release. Mr. Lyle's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and moved for leave to withdraw as counsel. For the reasons set forth below, we grant counsel's motion to withdraw and dismiss the appeal.

*Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, he may so advise the court and request permission to withdraw. Counsel must also submit to both the court and his or her client a brief referring to anything in the record arguably supportive of the appeal. The client may then raise any point he chooses, and the court thereafter undertakes a complete examination of all proceedings and decides whether the appeal is in fact frivolous. If it so finds, it may grant counsel's request to withdraw and dismiss the appeal. *See id.* at 744. Counsel has provided Mr. Lyle with a copy of his appellate brief and Mr. Lyle has chosen not to file additional material with this court.

In his *Anders* brief, counsel could not identify any appellate issues, but indicated Mr. Lyle requested he raise the question of whether Mr. Lyle's "due process, or other rights, were violated." Aplt. Br. at 8. The record contains no previous due process challenges by Mr. Lyle. Presumably, Mr. Lyle lodges this complaint in response to his having received an eighty-seven month sentence for a crime he committed at the age of nineteen with no previous criminal history.

This court has interpreted 18 U.S.C. § 3742(a) to hold that a sentence within the guidelines may not be appealed unless imposed in violation of law, or as a result of an incorrect application of the guidelines. *See United States v. Garcia*, 919 F.2d 1478, 1479-80 (10th Cir. 1990). Mr. Lyle did not object to the calculation of his guideline range, nor to the categorization of his guideline offense level, and was well aware that he faced a sentence of seven years to life if he pleaded guilty to this crime. There is no indication that his sentence of only three months above the mandatory minimum was based upon clearly erroneous factual findings. The district court did not abuse its discretion in imposing a sentence of eighty-seven-months. Mr. Lyle has no claim that his sentence was either in violation of the law or was the result of an incorrect application of the guidelines.

After careful review of the entire proceedings, we conclude that the record establishes no ground for appeal. We have found nothing in the record to indicate that Mr. Lyle's guilty plea was not knowing and voluntary, nor do we discern any error in the district court's application of the guidelines. As a result, we **GRANT** counsel's request to withdraw and **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-3-