**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 12 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ELAINA BAILEY,

    Defendant-Appellant.

No. 03-1265
(D. Colo.)
(D.Ct. No. 01-CR-15-D)

**ORDER AND JUDGMENT**[*]

Before **TACHA,** Chief Judge, and **PORFILIO** and **BRORBY**, Senior Circuit
Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G).  The case is
therefore ordered submitted without oral argument.

---

[*]  This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Appellant Elaina Bailey, a federal prisoner represented by counsel, pled guilty to one count of knowingly making a false statement or representation in violation of 18 U.S.C. § 924(a)(1)(A) and received a sentence of five years probation. Thereafter, Ms. Bailey admitted violating her probation terms, and following a probation hearing, her probation was revoked and she was sentenced to six months in prison and three years of supervised release. Months later, after Ms. Bailey again admitted violating conditions of her supervised release, a supervised release hearing was held. The district court determined she violated the conditions admitted to, including the use of marijuana, as well as the additional condition concerning failure to complete her community service.

Based on these violations, the district court revoked Ms. Bailey's supervised release and sentenced her to nine months imprisonment. In so doing, the district court applied the applicable United States Sentencing Guidelines, calculating her criminal history category at I and her sentencing range at three to nine months. Ms. Bailey now appeals the district court's revocation of her supervised release and imposition of a nine-month sentence, which she is currently serving, alleging the sentence is "too harsh."

Ms. Bailey's appointed counsel has filed a brief pursuant to *Anders v. State*

*of California*, 386 U.S. 738, 744 (1967), explaining "no non-frivolous issues" exist for the purposes of her appeal and requesting permission to withdraw. Specifically, counsel contends Ms. Bailey's appeal lacks a legally valid argument as her sentence was not imposed in violation of law or incorrectly calculated, and no evidence in the record shows her sentence was based on clearly erroneous factual findings. Instead, counsel suggests sufficient evidence exists concerning Ms. Bailey's marijuana use and failure to comply with the other terms and conditions of her supervised release to warrant revocation of her supervised release and imposition of a nine-month sentence. In addition, Ms. Bailey's counsel contends this court lacks jurisdiction to review Ms. Bailey's sentence, given she concedes the district court placed her in the proper criminal history category, and her nine-month sentence falls within the appropriate guideline range. Although the holding in *Anders* entitles the defendant to raise additional points in response to counsel's *Anders* brief, and such opportunity was given in this case, Ms. Bailey made no such filing. *See Anders*, 386 U.S. at 744.

Under 18 U.S.C. § 3742(a), a sentence that falls within the Sentencing Guidelines may not be appealed unless it is imposed in violation of law, as a result of an incorrect application of the Guidelines, or is otherwise premised on facial illegality, improper calculations, or clearly erroneous fact findings. *See*

*United States v. Garcia*, 919 F.2d 1478, 1479, 1481 (10th Cir. 1990) (relying on 18 U.S.C. § 3742(a)(1) and (2)). In applying this criteria, we have previously held this court lacks jurisdiction under § 3742 to review a district court's sentence which is under twenty-four months, and where the defendant concedes the sentence imposed falls within the appropriate Guidelines range. *See Garcia*, 919 F.2d at 1479, 1482.

After carefully reviewing the record, we agree with counsel that Ms. Bailey's sentence was not imposed in violation of law or as a result of an incorrect application of the Sentencing Guidelines, and is not otherwise improper under 18 U.S.C. § 3742. Given Ms. Bailey's concessions regarding her criminal history and the fact her sentence falls within the appropriate Guidelines range, we further agree her appeal presents no non-frivolous issues and we lack jurisdiction to review her sentence. Accordingly, we grant counsel's request to withdraw, and we **DISMISS** Ms. Bailey's appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge