**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 2/7/96**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,              )
                                       )
           Plaintiff - Appellee,       )
                                       )
     v.                                )          No. 94-3123
                                       )
CORTEZ SMITH,                          )
                                       )
           Defendant - Appellant.      )

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D. C. No. 93-CR-20089)**

**ON THE BRIEFS:**

**Michael G. Katz, Federal Public Defender, and Vicki Mandell-King, Assistant
Federal Public Defender, Office of the Federal Public Defender, District of Colorado
and Wyoming, Denver, Colorado, for the appellant.**

**Randall K. Rathbun, United States Attorney, and James E. Flory, Assistant United
States Attorney, Office of the United States Attorney, Kansas City, Kansas, for the
appellee.**

**Before Tacha, Coffin,[*] and Lucero.**

---

[*] Honorable Frank M. Coffin, Senior Circuit Judge, United States Court of Appeals for
the First Circuit, sitting by designation.

**Tacha, Circuit Judge.**

A jury convicted Cortez Smith of possession with intent to distribute cocaine. At sentencing, the district court imposed a two-level sentence enhancement for obstruction of justice based on testimony it considered to be perjured. The court then sentenced Smith to 100 months imprisonment, four years of supervised release, and a $5000 fine. Smith appeals that sentence, claiming that the district court erred in (1) failing to make an adequate finding of perjury, (2) imposing the enhancement without sufficient evidence of perjury, and (3) basing Smith's sentence on improper considerations. We exercise jurisdiction pursuant to 28 U.S.C. § 1291. We conclude that the district court's perjury finding was inadequate and therefore we remand for further findings.

**Background**

Cortez Smith and his friend, Antoin Tyler, flew from Kansas City to Los Angeles. Smith returned to Kansas City by bus. On the day Smith returned, police officers were monitoring the Kansas City bus terminal as part of a drug interdiction program. The officers had been watching two men in a gold car moving to different locations in the parking lot. The officers then observed Smith get off the bus carrying a small plastic cooler and get into the gold car. The car exited the parking lot at a high rate of speed, and one of the officers followed. After observing the gold car speeding and driving erratically, the officer summoned a marked patrol car to conduct a traffic stop.

When the officer in the marked patrol car turned on his red lights and siren, the driver of the gold car refused to stop and, instead, increased his speed. The gold car eventually stopped and its three occupants jumped out and fled on foot. The officers apprehended Smith and the driver, Tyler; the third man in the car escaped.

The officers returned to the gold car and saw an open container of wine in the small cooler that Smith had with him when he got off the bus. One of the officers seized the wine and cooler and, as he was dumping water out of the cooler, noticed that the cooler's liner was exposed. Upon closer inspection, the officer found that portions of the foam liner had been removed and that cellophane packages of white powder had been secreted between the liner and the shell of the cooler. Laboratory analysis subsequently revealed that the powder contained cocaine.

Smith testified in his own defense at trial. He recounted his career as a musician and how he first met Tyler when Tyler came to one of Smith's performances. Smith also testified that Tyler wanted to help launch Smith's music career by putting him in contact with some of Tyler's acquaintances in the music industry in Los Angeles. To that end, Smith testified, they flew to Los Angeles. Smith said that he returned to Kansas City by bus because he wanted to see the country and because the flight to Los Angeles, his first experience flying, was unpleasant. Smith also said that Tyler gave him the cooler for the bus trip.

Smith further testified that the packages of white powder were not in the cooler

when he got off the bus, claiming instead that Tyler had put them into the cooler after Smith got into the car. Smith testified that while the car was stopped at a stoplight, Tyler grabbed some packages from under the front seat and concealed them between the liner and the shell of the cooler. Smith's testimony as to what transpired within the car was not contradicted by any other witness. The police officers testified that they could not see what happened in the car. The two other men in the gold car did not testify: Tyler was killed in an unrelated incident before trial and the third man in the car was never apprehended.

The jury, however, did not believe Smith's version of the events and convicted him of possession with intent to distribute cocaine under 21 U.S.C. § 841 (a)(1). The applicable base offense level under the federal sentencing guidelines was 26 which, given Smith's criminal history, translated into a guideline range of 70 to 87 months. At sentencing, however, the district court increased Smith's base offense level two levels for obstruction of justice, pursuant to U.S.S.G.§ 3C1.1, premised upon what the court considered perjured testimony. With the two-level enhancement, the guideline range increased to 87 to 108 months. The district court sentenced Smith to 100 months imprisonment, and Smith appeals.


**The District Court's Finding**

Smith first contends that the district court made an inadequate finding of perjury.

- 4 -

A finding of perjury in support of a sentence enhancement for obstruction of justice must contain two components. First, the finding must encompass all of the factual predicates of perjury. United States v. Dunnigan, 113 S. Ct. 1111, 1117 (1993). Second, the finding must specifically identify the perjured testimony. United States v. Arias-Santos, 39 F.3d 1070, 1077 (10th Cir. 1994), cert. denied, 115 S. Ct. 1156 (1995). Smith argues that the finding in this case is deficient in both respects.

The factual predicates of perjury are that a witness (1) gives false testimony under oath (2) concerning a material matter (3) with willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory. Id. at 1116; United States v. Massey, 48 F.3d 1560, 1573 (10th Cir.), cert. denied, 115 S. Ct. 2628 (1995). While "it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding," it is sufficient if "the court makes a finding of an obstruction or impediment of justice that encompasses all of the factual predicates for a finding of perjury." Dunnigan, 113 S. Ct. at 1117.

The finding found sufficient (though not preferred) in Dunnigan read as follows:

> The court finds that the defendant was untruthful at trial with respect to material matters in this case. [B]y virtue of her failure to give truthful testimony on material matters that were designed to substantially affect the outcome of the case, the court concludes that the false testimony at trial warrants an upward adjustment by two levels.

Id. (emphasis and brackets in original). This finding contains each of the factual predicates of perjury: the defendant was (1) "untruthful" at trial (2) with respect to

"material matters" and (3) the untruthfulness was "designed" to substantially affect the outcome of the case. The district court's finding at Smith's sentencing read as follows:

> [T]he Court finds . . . that . . . no enhancement should be imposed on the defendant because he stood trial. He has a constitutional right to trial. But he does not have a constitutional right to commit perjury. . . . I heard all of the testimony at the trial and I do not believe that the defendant's testimony was true. I believe it was false and I conclude and I find that he committed perjury at trial. And, therefore, the two-level enhancement for obstruction of justice is appropriate. And that's going to be the findings of the court.

This finding does not set out the requisite predicates of perjury. Specifically, the district court did not find that Smith was untruthful about a material matter nor that he willfully intended to provide false testimony. In Massey, we held that a district court's finding that the defendant's testimony was merely "false" was insufficient because "[m]issing from the district court's findings are the necessary findings on materiality and willfulness." 48 F.3d at 1573. The district court's finding in this case is similarly deficient.

The second required element of a district court's finding of perjury is that it must identify the perjured statement. Massey, 48 F.3d at 1573; Arias-Santos, 39 F.3d at 1077. The court need not recite the perjured testimony verbatim, but it at least must describe the testimony in substance "so that when we review the transcript we can evaluate the Dunnigan findings of the elements of perjury against an identified line of questions and answers without having simply to speculate on what the district court might have believed was the perjurious testimony." Massey, 48 F.3d at 1574.

The district court's finding in this case does not identify which portion of Smith's

testimony it considered to be perjured. The government argues that meaningful appellate review is still possible because the scope of disputed testimony is narrow. They argue that because the only disputed testimony concerns whether there was cocaine in the cooler when Smith departed the bus, the district court was clearly referring to that testimony when it made its finding. The government's argument, however, begs the question: we need to know what testimony the district court considered perjured in order to evaluate whether it concerned a material matter. Further, because there was no finding of materiality, we cannot assume that the district court only considered testimony on material matters when it made its finding. Thus, the district court's finding was deficient both because it did not contain all of the factual predicates of perjury and because it did not specifically identify what testimony it considered perjured.

## Sufficiency of the Evidence

Smith's second contention on appeal is that the evidence of perjury was insufficient to support a sentence enhancement for obstruction of justice. He assumes for the sake of argument that the district court found that the perjured testimony was his testimony concerning the events in the car. If that assumption is correct, Smith argues, the district court's finding was based upon insufficient evidence because Smith was the only witness to provide testimony as to what transpired in the car. Smith maintains that the Tenth Circuit has never upheld a finding of perjury for the purposes of sentence

enhancement supported only by circumstantial evidence. In order to evaluate whether there was sufficient evidence of perjury, however, we first need to know what testimony the district court found to be perjured. Thus we do not reach this claim.

**Basis for Sentence**

Smith's final contention is that the district court determined his sentence on an improper basis. At sentencing, Smith exercised his right of allocution. After Smith's comments, the court stated that while it had "seriously considered" sentencing Smith at the bottom of the guideline range of 87 to 108 months, it had changed its mind after hearing Smith's comments. Instead, the court sentenced Smith to 100 months.

Smith first maintains that the district court's decision was improper because the court failed to state a reason for the sentence. The district court, however, stated, "In determining the sentence to be imposed, I've taken into consideration the serious nature of the instant offense and the sentencing objectives of punishment, deterrence and incapacitation." While the court did not specifically state its reason for imposing a sentence at a particular point within the sentencing range, it was not required to do so because the span of the range did not exceed 24 months. 18 U.S.C.§ 3553(c). Thus the stated reasons were adequate.

Smith also argues that because the district court failed to state a reason for the sentence, the court may have imposed its sentence for improper reasons. We will not

review the reasons underlying a district court's decision to impose a sentence at a particular point within the proper guideline range other than for facial illegality, improper calculations, or clearly erroneous fact findings. United States v. Garcia, 919 F.2d 1478, 1481 (10th Cir. 1990). Smith maintains that the court may have improperly (1) punished him for exercising his right of allocution at sentencing, (2) punished him for making a record of his dissatisfaction with his attorney, and (3) impermissibly double counted by imposing a higher sentence because it thought Smith was a liar. These allegations are nothing more than speculation, and in any case do not rise to the level of facial illegality, improper calculation, or clearly erroneous fact findings. We, therefore, decline to review these claims.

**Conclusion**

In sum, we REMAND to the district court for further findings in accordance with this opinion. Upon remand, if the court again determines that enhancement is appropriate under § 3C1.1, it must indicate what specific testimony it finds to be untrue and how that testimony concerns a material matter designed to substantially affect the outcome of the case. We do not reach the issue of whether there was sufficient evidence of perjury to support the enhancement. We AFFIRM on all other issues.