**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

**FEB 27 1997**

TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TYRONE B. JOHNSON,

    Defendant-Appellant.

No. 96-4079

(D.C. No. 95-CR-201)

(D. Utah)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.[**]

Defendant Tyrone B. Johnson pled guilty to three counts of robbing federally-insured financial institutions in violation of 18 U.S.C. § 2113. Based upon an offense level of 25 and a criminal history category of III, Defendant's applicable sentencing guideline range was 70-87 months imprisonment. The district court sentenced Defendant to 87 months imprisonment. Defendant appeals both his conviction and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.

sentence. Our jurisdiction to review Defendant's conviction and sentence arises under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. To the extent Defendant challenges his sentence within the applicable guideline range as too harsh, we have no jurisdiction to review his sentence.

Defendant's counsel has filed an Anders brief and motion to withdraw, suggesting that Defendant has no meritorious grounds for appeal. See Anders v. California, 386 U.S. 738, 744-45 (1967). Defendant, pro se, has filed objections to his counsel's Anders brief claiming (1) his guilty plea was involuntary; (2) the government failed to prove the federally insured status of the financial institutions involved; (3) he received ineffective assistance of counsel at sentencing; and (4) the district court's sentence was unlawful. Defendant requests appointment of counsel to assist him in this appeal. Pursuant to court order, the government has filed a response to counsel's Anders brief and Defendant's objections thereto. We address Defendant's claims in turn, and finding no merit to any of them, we dismiss the appeal. Anders, 386 U.S. at 744.

I.

Defendant first claims that at the time of his guilty plea he was not aware of the true nature of the charges against him, and he might not have pled guilty had he been fully apprised of those charges. To be valid, a defendant's guilty plea must be knowing and voluntary, and the product of a deliberate, intelligent choice. Parke v. Raley, 506 U.S. 20,

2

28 (1992). Fed. R. Crim. P. 11(c) imposes a duty on the district court to address a defendant on the record and determine if the defendant understands the nature of the charges against him. We review both the district court's compliance with Rule 11 and the voluntariness of a defendant's guilty plea de novo. United States v. Carr, 80 F.3d 413, 416 (10th Cir. 1996) (voluntariness); United States v. Elias, 937 F.2d 1514, 1517 (10th Cir. 1991) (Rule 11 compliance).

Our review of the plea transcript reveals that the district court clearly explained to Defendant the nature of the charges against him including the elements of the crimes. Supp. Rec. at 18-20. Defendant then explained to the court his understanding of the charges against him. Supp. Rec. at 20-22. Finally, the court asked Defendant if certain stipulated facts establishing a factual basis for his plea were true. Defendant stated: "Yes." Supp. Rec. at 23. The record which the district court made is sufficient to satisfy us that Defendant's guilty plea was knowing and voluntary.

## II.

Defendant next claims that the government failed to produce sufficient evidence that the institutions he robbed were federally insured. By entering an unconditional plea of guilty, however, Defendant admitted that he "committed the conduct alleged in the indictment and that in so doing he committed the crime charged." United States v. Allen, 24 F.3d 1180, 1183 (10th Cir.) (emphasis in original), cert. denied, 115 S. Ct. 493 (1994). Each count of the indictment to which Defendant pled guilty plainly alleged that the

3

subject institution was federally insured. Rec. Vol. I at doc. #11. Moreover, Defendant specifically acknowledged at his plea hearing that he understood the elements of the crimes to which he would plead guilty, including the requirement that the institutions be federally insured. Supp. Rec. at 18-20. Accordingly, Defendant's second claim is without merit.

III.

Defendant also claims he received ineffective assistance of counsel at sentencing because defense counsel did not object to paragraph 50 of the presentence investigation report. Paragraph 50 lists a prior juvenile conviction of Defendant for misdemeanor theft, which increased Defendant's criminal history category from II to III. See U.S.S.G. § 5A. Generally, ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal, so that a factual record may be developed in the district court. United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995). Where the record is adequately developed, however, we may decide an ineffective assistance of counsel claim on direct appeal. Id.

We are satisfied in this instance that Defendant did not receive ineffective assistance of counsel as sentencing. Prior to sentencing, counsel submitted detailed objections to the presentence report. Rec. Vol. I at doc. #27. Paragraph 50, to which counsel did not object, indicates that Defendant was charged with misdemeanor theft on or about November 5, 1994, and was sentenced to probation and community service on

December 14, 1994.  Unlike the aggravated assault charge reported in paragraph 47, which Defendant denied and the district court disregarded, Defendant did not deny his involvement in the misdemeanor theft reported in paragraph 50.  In no way was counsel's performance at sentencing deficient.

## IV.

Finally, Defendant claims that the district court's sentence of 87 months imprisonment is unlawful.  The 87 month sentence is at the top end of Defendant's 70-87 month sentencing guideline range.  We have repeatedly held that "[w]e will not review the reasons underlying a district court's decision to impose a sentence at a particular point within the proper guideline range other than for facial illegality, improper calculations, or clearly erroneous fact findings."  United States v. Smith, 81 F.3d 915, 920 (10th Cir. 1996).  Because we find nothing illegal, improper, or erroneous in the district court's sentencing decision, we are without the power to disturb it.

For the foregoing reasons, defense counsel's motion to withdraw is ALLOWED, Defendant's motion for the appointment of counsel is DENIED, and this appeal is DISMISSED.

Entered for the Court,

Bobby R. Baldock
Circuit Judge