**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 6 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JUNIOR MELENDEZ-LOPEZ, a/k/a Martin
Manrique; a/k/a Martin Gomez-Carillo; a/k/a
Jose Cabanas; a/k/a Javier Mendez-Sanchez;
a/k/a Javier Sanchez-Mendez; a/k/a Roberto
Canales-Chinchilla,

     Defendant-Appellant.

No. 98-4140
(D. Utah)
(D.Ct. No. 98-CR-272-W)

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

ROBERTO CANALES-CHINCHILLA, a/k/a
Martin Manrique; a/k/a Martin Gomez-
Carillo; a/k/a Jose Cabanas; a/k/a Javier
Mendez-Sanchez; a/k/a Javier Sanchez-
Mendez; a/k/a Junior Melendez-Lopez,

     Defendant-Appellant.

No. 98-4141
(D. Utah)
(D.Ct. No. 98-CR-272-W)

_____

**ORDER AND JUDGMENT**[*]

_____

    [*] This order and judgment is not binding precedent except under the doctrines of
law of the case, _res judicata_ and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

Appellant Junior Melendez-Lopez appeals his sentence following his conviction on one count of reentry into the United States by a deported alien previously convicted for an aggravated felony, in violation of 8 U.S.C. § 1326(b)(2). His appeal[1] is brought by his attorney, who filed a motion to withdraw as attorney of record and a corresponding *Anders* brief[2] raising Mr. Melendez-Lopez's contention "that his sentence is too lengthy for the type of crime he committed." Mr. Melendez-Lopez received a copy of the *Anders* brief

_____

[1] Mr. Melendez-Lopez actually filed two appeals – one under his proper surname (Case No. 98-4140) and the other under an alias (Case No. 98-4141). The appeals are identical and were therefore consolidated.

[2] Pursuant to *Anders v. California*, 386 U.S. 738 (1967), counsel who finds a case to be wholly frivolous may so advise the court and request permission to withdraw. *Id*. at 744. Counsel must also file an accompanying brief referring to anything in the record that might arguably support the appeal. *Id.*

and instructions he could proceed in the matter *pro se*. We granted Mr. Melendez-Lopez's two motions for extensions of time to file his *pro se* pleading for the purpose of raising any additional points on appeal. Mr. Melendez-Lopez has filed a third motion for an extension of time. We deny Mr. Melendez-Lopez's motion for an extension. Based on our own independent review of the record, we conclude Mr. Melendez-Lopez's appeal is wholly without merit. We therefore grant counsel's motion to withdraw and affirm Mr. Melendez-Lopez's sentence.

Pursuant to a plea agreement, Mr. Melendez-Lopez pled guilty to one count of reentry into the United States by a deported alien previously convicted of an aggravated felony. Under the United States Sentencing Guidelines, the total offense level for Mr. Melendez-Lopez's conviction is 24. *See* U.S.S.G. §§ 2L1.2(a) & (b)(1)(A). The sentencing judge subtracted three points for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. Mr. Melendez-Lopez's resulting 21-point criminal offense level, together with his 12-point criminal history score, resulted in a criminal history range of V with a sentencing guideline range of seventy to eighty-seven months imprisonment. U.S.S.G. § 5A, Sentencing Table. Thus, the eighty-month sentence imposed by the sentencing judge falls within the specified guideline range.

Mr. Melendez-Lopez's right to appeal his sentence is governed by 18 U.S.C. § 3742(a), which allows a defendant to appeal a sentence only if the sentence imposed: (1) is a violation of law, (2) is imposed as a result of an incorrect application of the sentencing guidelines, (3) is greater than the sentence specified in the applicable guideline range, or (4) is imposed for an offense for which there is no sentencing guideline and is plainly unreasonable. *See United States v. Garcia*, 919 F.2d 1478, 1479 n.3 (10th Cir. 1990). This Court will not review the reasons underlying a district court's decision to impose a sentence within a proper guideline range other than for "facial illegality, improper calculations, or clearly erroneous fact findings." *United States v. Smith,* 81 F.3d 915, 920 (10th Cir. 1996).

After a review of the record, we conclude Mr. Melendez-Lopez's sentence is not a violation of the law or due to any incorrect application of the sentencing guidelines. In fact, Mr. Melendez-Lopez's eighty-month sentence is well within the sentencing guideline range and is less than the maximum term provided by law.

For these reasons, Mr. Melendez-Lopez's sentence is **AFFIRMED**, and counsel's motion to withdraw is granted.  The mandate shall issue forthwith.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge