**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 1 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANDRE EDWARD HOOKS, a/k/a
Andre Edward Simmons,

    Defendant - Appellant.

No. 01-5097
(D.C. No. 00-CR-149-K)
(N. District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.

    Andre Hooks was found guilty of one count of possession of a firearm after

former conviction of a felony in violation of 18 U.S.C. § 922(g)(1) and of one

count of possession of a firearm while subject to a protective order in violation of

18 U.S.C. § 922(g)(8). Hooks took this direct appeal, arguing that the multiple

convictions violated his Fifth Amendment double jeopardy rights. We have

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The Court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

jurisdiction pursuant to 28 U.S.C. § 1291 and reverse and remand with instructions to vacate one of the two convictions.

Hooks was arrested on August 25, 2000, after a former girlfriend called the police. The girlfriend—who had previously obtained a protective order against Hooks—stated that Hooks had threatened her and that she believed he had a gun. The police later arrested Hooks as he was walking home with a firearm in his possession. The government charged him with one count of violating 18 U.S.C. § 922(g)(1) and one count of violating 18 U.S.C. § 922(g)(8), with both counts based on Hooks' possession of the single firearm. After conviction on both counts, Hooks was sentenced to a total of fifty-five months imprisonment for each conviction, to be served concurrently, as well as three months supervised release, a $500 fine on each count, and a $200 assessment.

The Fifth Amendment right to be free from double jeopardy is implicated when a criminal defendant is subjected to multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969), overruled in part on other grounds by Alabama v. Smith, 490 U.S. 794, 795 (1989). Hooks argues that multiple convictions for violating § 922(g) for the possession of a single firearm constitutes improper multiple convictions for the same offense in violation of the Fifth Amendment. Section 922(g) makes it a federal crime for nine categories of individuals to "ship or transport in interstate or foreign commerce, or possess in

or affecting commerce, any firearm," or to "receive any firearm . . . which has been shipped or transported in interstate or foreign commerce."

We have previously held that an individual's double jeopardy rights are violated when he is convicted of multiple violations of § 922(g) where only one firearm is involved. United States v. Johnson, 130 F.3d 1420, 1424–26 (10th Cir. 1997) (ordering that one of two convictions be vacated where an individual was convicted of unlawful possession of a firearm by a convicted felon under § 922(g)(1) and of unlawful possession of a firearm by a user of controlled substances under § 922(g)(3) based on the possession of only one firearm). The United States does not dispute that Johnson controls this case.

While Hooks did not raise the double jeopardy argument at trial, we nonetheless may consider it if plain error or defects affecting substantial rights are involved. Fed. R. Crim. P. 52(b). A double jeopardy violation is plain error that may be considered by an appeals court despite failure to object in the trial court. United States v. Contreras, 108 F.3d 1255, 1261 (10th Cir. 1997). Again, the United States does not dispute that we may consider the double jeopardy claim on appeal.

Because Hooks has shown that he was convicted twice for the same offense in violation of his double jeopardy rights and because we exercise our discretion to consider this plain error, we agree with the parties that one of Hooks'

convictions must be vacated.  We therefore **REMAND** to the district court with instructions to vacate one of the two sentences and to resentence Hooks.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge