**F I L E D**

**UNITED STATES COURT OF APPEALS**

AUG 20 2003

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

v.

ANDRE EDWARD HOOKS, a/k/a
Andre Edward Simmons,

   Defendant-Appellant.

No. 02-5158
(D.C. No. 00-CR-149-K)
(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Andre Edward Hooks appeals his resentencing for his conviction for

possession of a firearm after conviction of a felony. Mr. Hooks' counsel filed a

brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and moves for leave

to withdraw as counsel. For the reasons set out below, we grant counsel's motion

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

to withdraw and dismiss the appeal.

Mr. Hooks was originally convicted of two firearm possession charges. On direct appeal to this court, one of those convictions was vacated based on a double jeopardy violation. *See United States v. Hooks*, No. 01-5097, 2002 WL 126999 (10th Cir. Feb. 1, 2002) (unpublished disposition). The case was remanded for resentencing on the remaining conviction. Mr. Hooks was resentenced to fifty-five months imprisonment, which was at the low end of the applicable guideline range of fifty-one to sixty-three months and well below the statutory maximum of ten years. The term of imprisonment was the same as the one originally imposed for this conviction. Neither Mr. Hooks nor his attorney raised any objections at the resentencing proceeding.

*Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, he may advise the court and request permission to withdraw. Counsel must also submit to both the court and his client a brief referring to anything in the record arguably supportive of the appeal. *Anders*, 386 U.S. at 744. The client may then raise any point he chooses, and the court thereafter undertakes a complete examination of all proceedings and decides whether the appeal is in fact frivolous. If it so finds, it may grant counsel's request to withdraw and dismiss the appeal. *Id.* Counsel provided Mr. Hooks with a copy of the appellate brief. Mr. Hooks in turn filed a *pro se* appellate

brief.

It is important to note at the outset that because this is an appeal of a resentencing only, any issues on appeal must relate to that resentencing. Any issue related to the conviction itself that could have been raised in the prior direct appeal has been waived and may not now be considered. *See United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996). Mr. Hooks' *pro se* argument does not encompass any issue relevant to resentencing. The only issue Mr. Hooks raises in his *pro se* filing appears to relate to the sufficiency of evidence at trial. This issue, which could have been raised on the original direct appeal, has been waived and we do not consider it here.

As Mr. Hooks' attorney notes in his *Anders* brief, a sentence that is within the correct guideline range, barring a few narrow exceptions, is not appealable. *United States v. Garcia*, 919 F.2d 1478, 1481 (10th Cir. 1990). After careful review, we agree with counsel that no non-frivolous grounds for appeal appear on this record. We see no error in the resentencing proceeding.

Accordingly, we **GRANT** counsel's motion to withdraw and we **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-3-